[No. 16341.  Department One.  July 8, 1921.]

E. S. THAYER, *Respondent*, v. YAKIMA TIRE SERVICE COMPANY, *Appellant*. [1]

SALES (179-1)—CONDITIONAL SALES—EFFECT OF ASSIGNMENT. Where a judgment creditor attached an automobile held by his debtor under a conditional sale contract providing for forfeiture in case of default in deferred payments, the seller of the car, in proving ownership on his motion to dissolve the attachment, was entitled to show that his assignment of the conditional sale contract, absolute on its face, was given merely as collateral.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered October 25, 1920, upon findings in favor of the plaintiff, dismissing a writ of attachment. Affirmed.

*Wm. G. Smith*, for appellant.

*Williamson & Luhman*, for respondent.

MACKINTOSH, J.—The Yakima Tire Service Company, on August 10, 1920, began an action against O. H. Ames, on a promissory note, and recovered judgment, and thereafter sued out a writ of attachment. On the writ, the sheriff took into his possession an automobile, which, on November 24, 1919, had been sold to Ames by E. S. Thayer, doing business as the Elgin Motor Company. On August 20, 1920, the Elgin Motor Company filed its affidavit of ownership, under § 573, Rem. & Bal. Code, and upon a hearing on the issues thus tendered, the superior court found the Elgin Motor Company was the owner of the car, and dismissed the writ of attachment of the Yakima Tire Service Company, from which order that company has appealed.

The sale on November 24, by the Elgin Motor Company to Ames, was made under an ordinary conditional

[1]Reported in 199 Pac. 224.

sale contract, which called for an initial down payment (which was made) and for specified monthly payments thereafter. The contract provided that on default by Ames of any of these installments, the Elgin Motor Company might retake the car, in which event all of Ames' interest therein should be forfeited. On the same day on which the contract was entered into, the Elgin Motor Company assigned the contract to the First National Bank, of Yakima, and, as a part of the assignment, guaranteed to the bank the deferred payments to be made by Ames. Ames defaulted in his first payment, and the Elgin Motor Company made the payment to the bank. Ames, with regularity, defaulted in the three subsequent payments, and the amount of those payments was charged by the bank against the Elgin Motor Company's account. In March, 1920, when it became apparent that Ames had no ability nor intention of making the payments which were to extend throughout the year 1920, the testimony is undisputed that Ames and Thayer agreed that the contract might be cancelled, with redelivery to Thayer. The contract still remained in possession of the bank, and as the installments became due the amounts thereof were charged against the Elgin Motor Company's account. The Yakima Tire Service Company's claim that Ames had an interest in this machine which was subject to their attachment as judgment creditor, is based upon the fact that the Elgin Motor Company, having placed of record an assignment of the contract to the First National Bank, which was absolute on its face, must be conclusively presumed to have parted with its title to the bank, and the bank, never having declared a forfeiture of the conditional sale contract, it was still in force, and that Ames' interest in the machine, whatever it might be, was subject to attachment.

Without determining what the rights of judgment creditors may be by way of attachment of property for which the debtor is paying under a conditional sale contract, the question presented by the Yakima Tire Service Company may be answered by a reference to the evidence, which uncontradictedly shows the assignment to the bank was, as a matter of fact, purely as collateral to a loan. The judgment creditor, not being a *bona fide* purchaser for value, of course, has no right, to prevent the proof that an assignment, absolute on its face, is, as a matter of fact, given as collateral.

What we have already said in regard to the transaction between the Elgin Motor Company and Ames disposes of other contentions of the Tire Company, for it is apparent that after March, 1920, Ames had no interest in this car which could be reached in the manner pursued here. The judgment of the trial court was correct and is affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.